# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC;<br><br>               Plaintiff,<br>vs.<br><br>BANK OF AMERICA, *et al.*,<br><br>               Defendants. | Case No.: 2:22-cv-01864-GMN-BNW<br><br>**ORDER** |

Pending before the Court is the Emergency Motion to Expunge Lis Pendens, (ECF No. 5), filed by Defendant Bank of America, N.A. ("BANA"). Plaintiff SFR Investment Pool 1, LLC ("SFR") filed a Response, (ECF No. 8), to which BANA filed a Reply, (ECF No. 12).

Further pending before the Court is SFR's Motion to Remand, (ECF No. 9). BANA filed a Response, (ECF No. 13), to which SFR has yet to file a Reply.

Further pending before the Court is SFR's Motion for Preliminary Injunction, (ECF No. 10). BANA filed a Response, (ECF No. 14), to which SFR has yet to file a Reply.

For the reasons set forth below, SFR's Motion to Remand is **GRANTED**. Additionally, BANA's Emergency Motion to Expunge Lis Pendens and SFR's Motion for Preliminary Injunction are **DENIED as moot.**

## I.    BACKGROUND

This case arises out of an impending judicial foreclosure sale of real property located at 325 Point Loma Avenue, Las Vegas, NV 89031 (the "Property"). (Compl. ¶ 5, Ex. 1-A to Pet. Removal, ECF No. 1-2); (Notice of Trustee Sale at 2, Ex. 14 to BANA's Reply to Mot. to Expunge Lis Pendens ("BANA's Reply"), ECF No. 12-14). On January 31, 2007, John Wesley McAnally III and Jennifer Lynn McAnally (collectively, "Borrowers") financed the purchase of

the Property, as joint tenants, by way of a $268,000 loan secured by a Deed of Trust ("DOT") identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (DOT at 2–3, Ex. 2 to BANA's Reply, ECF No. 12-2).  Fannie Mae acquired the loan in February 2007 and remains the owner. (Ex. 5 to BANA's Reply No. 12-5).  On December 24, 2012, MERS then assigned its interest to BANA. (Assignment of DOT at 2, Ex. 3 to BANA's Reply, ECF No. 12-3).

Borrowers failed to pay the payment of principal and interest, which became due on September 1, 2010. (Notice of Default at 2, Ex. 4 to BANA's Reply, ECF No. 12-4).  On May 30, 2014, SFR obtained title to the Property by acquiring the Property at a publicly-held foreclosure auction. (Compl. ¶ 6, Ex. 1-A to Pet. Removal, ECF No. 1-2); (Foreclosure Deed at 2, Ex. 7 to BANA's Reply, ECF No. 12-7). On June 2, 2014, the resulting Foreclosure Deed was recorded. (Compl. ¶ 7, Ex. 1-A to Pet. Removal).  On June 6, 2022, a Notice of Default and Election to Sell Under DOT was recorded against the Property. (Notice of Default at 2, Ex. 4 to BANA's Reply).  In response, SFR alleges in its Complaint that it sent BANA a request for statements pursuant to NRS §§ 107.200 and 107.210. (Compl. ¶¶ 10–11, Ex. 1-A to Pet. Removal).  Prior to the initiation of this lawsuit, BANA allegedly had not yet responded to SFR's request. (*Id*. ¶ 12, Ex. 1-A to Pet. Removal).

On September 27, 2022, a Notice of Trustee sale was recorded on the Property, identifying November 16, 2022, as the sale date. (Notice of Trustee Sale at 2, Ex. 14 to BANA's Reply).  On October 3, 3022, SFR filed the present Complaint in the Eighth Judicial Court of Nevada asserting that BANA violated NRS § 107.200 *et seq.* (Comp. ¶¶ 13–29, Ex. 1-A to Pet. Removal).  That same day, SFR additionally filed a Motion for Preliminary Injunction. (*See generally* SFR's Prelim. Inj., Ex. 1-B to Pet. Removal, ECF No. 1-2).  On October 6, 2022, SFR filed a Notice of Lis Pendens on the Property. (Lis Pendens at 2, Ex. 17 to BANA's Reply, ECF No. 12-17).  On November 4, 2022, BANA removed this action to

federal court on the basis of diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1).On November 8, 2022, SFR filed the present Motion to Remand. (*See generally* Mot. Remand, ECF No. 9).

II.     **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995). A federal court therefore has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). Indeed, "subject matter jurisdiction can never be waived or forfeited." *Gonzalez*, 565 U.S. at 134.

The federal removal statute provides that a defendant may remove an action to federal court based on federal question or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant has the burden of establishing that removal is proper,' and the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Additionally, 28 U.S.C. § 1446 requires a removing defendant asserting diversity

jurisdiction to file the notice of removal within 30 days of receipt by the defendant of the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

## III.  DISCUSSION

As an initial matter, SFR contends that BANA has not met its burden of proving that subject matter jurisdiction exists because it fails to show that the object of the litigation exceeds $75,000. (SFR's Resp. to Mot. Expunge Lis Pendens 4:11–17, ECF No. 8); (Mot. Remand 4:11–17, ECF No. 9). In rebuttal, BANA argues that the object of the litigation, which it avers is the Property, exceeds the jurisdictional amount because the Property is valued at $446,400 and SFR's loan balance is $515,411.10. (BANA's Reply 5:17–6:6, ECF No. 12); (BANA's Resp. to Mot. Remand 5:17–6:6, ECF No. 13).

"Where it is not facially evidence from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold . . . . Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A removing party must provide specific, factual allegations showing how the case in controversy exceeds $75,000. *See id*. Further, the Court may consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id*. The removing party may not rely on speculation to demonstrate that the amount in controversy is met. *Roberts v. Walmart Inc.*, No. 2:19-cv-00509, 2019 WL 4696400, at *2 (D. Nev. Sept. 26, 2019).

///

///

///

### A. Object of the Litigation

As stated, BANA argues that the object of the litigation, which it advances is the Property, exceeds the amount in controversy requirement because the Property is valued at $446,400 and SFR's loan balance is $515,411.10. (BANA's Reply 5:17–6:6).  In rebuttal, SFR contends the object of the litigation is not the Property, but rather, the alleged willful violation of NRS 107.200 and NRS 107.210 and its statutory damages. (Mot. Remand 2:11-13 and 5:23).

In *Corral v. Select Portfolio Servicing, Inc.*, the Ninth Circuit explained that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." 878 F.3d 770, 775 (9th Cir. 2017) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).  The *Corral* court further articulated that where the plaintiff seeks to "permanently enjoin foreclosure, the object of the litigation is the ownership of the property," thus, "the value of the property or the amount of indebtedness on the property is the proper measure of the amount in controversy." *Id*. at 776.  However, in cases where the plaintiff seeks a temporary injunction pending review of a loan modification application, "the amount in controversy does not equal the value of the property or the amount of indebtedness." *Id*. at 776.  This is because, even if the plaintiff succeeds in his or her lawsuit, they would not be able to retain possession and ownership of the subject property without paying off their debt. *Id*.

In the present suit, ownership of the property is not being contested; the temporality of the injunction sought is. (*See* BANA's Reply 6:14–15) ("This case is not centered on title to real estate like the prior suit was.").  BANA correctly notes that included in SFR's Complaint is a request for "a preliminary and permanent injunction that BANA, and its successors, assigns and agents, are prohibited from continuing foreclosure proceedings, including scheduling or re-scheduling a sale, and from selling or transferring the Property." (Compl. 6:5–8, Ex. 1-A to Pet.

///

Removal). Despite this language, SFR now asserts it "does not seek permanent injunctive relief, only temporary until such time as SFR has received the statutorily required information so it can determine if it is financially sound to discharge the debt." (SFR's Resp. to Mot. Expunge Lis Pendens 5:19–22).

The Court finds that SFR's use of the phrase "permanent injunction" is misleading. *See Greene v. Wells Fargo Bank, N.A.*, No. 18-cv-06689, 2019 WL 1331027, at *4 (N.D. Cal. Mar. 25, 2019) (finding that the plaintiff's use of the phrase "permanent injunction" was similarly misleading where if the plaintiff prevailed, "he would still be liable for the debt owed on the [s]ubject [p]roperty" and therefore could not "obtain injunctive relief *permanently* enjoining foreclosure on the property"); *Adam v. Wells Fargo Bank*, N.A., No. 8:16-cv-1630, at *3 (C.D. Cal. Feb. 5, 2018) (concluding that the plaintiff did not seek a permanent injunction" despite the plaintiff's prayer for relief stating they sought a "permanent injunction"). Even if SFR prevails on its claims, it would still be liable for the debt owed on the Property. *See Corral*, 878 F.3d at 776 (distinguishing cases "in which plaintiff seeks to enjoin foreclosure indefinitely as part of an effort to quite title to the property or rescind their loan agreements," and noting that "even if Appellants were to succeed on this lawsuit, they would not be able to retain possession and ownership of their property without paying off the debt"). SFR appears to instead seek temporary injunctive relief pending the completion of its requests under NRS §§ 107.200 and

///
///
///
///
///
///
///

210.¹  Accordingly, pursuant to *Corral*, the amount in controversy does not equal the value of the property or the amount of indebtedness.²

### B. Attorney's Fees

BANA alternatively contends that the amount in controversy requirement is met because SFR seeks more than $75,000 in actual damages under NRS § 107.200, including attorney's fees. (BANA's Reply 12:5–22).

"Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  This Court considers attorneys' fees to be within the amount in controversy if the removing part: "(1) identifies 'an applicable statute which could authorize an award of attorneys' fees and (2) provide[s] an estimate as to the time the case will require and opposing counsel's hourly billing rate." *Cayer v. Vons Companies*, No. 2:16-cv-02387, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017)

---

¹ The same reasoning holds true for SFR's lis pendens on the Property.  Title to the property has already been determined in BANA's favor, so the amount in controversy cannot be tied to the market value of the property. (BANA's Reply 6:14–15).  Here, the only issue is whether to discharge the lis pendens.  Regardless of the outcome, no damages will be assessed, and no property will change hands, because the only legal effect of filing a notice of lis pendens is to provide "constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H20, Inc.*, 271 P.3d 743, 751 (Nev. 2012).  Therefore, SFR's lis pendens is not measured by the value of the Property or the amount of SFR's indebtedness.

² BANA's alternative arguments that the taxable value of the property or the amount of the original loan should be used to assess the amount in controversy requirement are equally unavailing. (Reply 6:1–5).  Prior decisions which used the taxable value of the property to assess the amount in controversy requirement involved suits in which ownership of a property was the object of the litigation. *See Sarro v. Nevada State Bank*, No. 2:16-cv-01756, 2016 WL 6909105 (D. Nev. Nov. 23, 2016); *Gustafson v. Bank of America, N.A.*, No. 16-cv-1733, 2016 WL 7438326 (S.D. Cal. Dec. 27, 2016).  The Court declines to apply the taxable value of the property in assessing the amount of controversy requirement based on its previous finding that the object of the instant suit is not the Property.  Moreover, "[n]umerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount . . . the amount in controversy is not properly gauged by the loan amount." *Vonderscher v. Green Tree Servicing, LLC*, No. 2:13-cv-00490, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013).  Because SFR does not seek to rescind its loan, the Court declines to gauge the amount in controversy by the loan amount.

(quoting *Hannon v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-1623, 2014 WL 7146659, at *5 (D. Nev. Dec. 12, 2014).

      Here, BANA has identified that that attorneys' fees are authorized under NRS § 107.200 as "actual damages." (BANA's Reply 7:13-16). As an initial matter, BANA incorrectly relies on NRS § 107.200 for its argument. Damages based on violations of NRS §§ 107.200 and 107.210 are codified in NRS § 107.300. NRS § 107.300 provides that "[a] beneficiary who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested is liable to the person who requested the statement in an amount of $300 and any actual damages suffered by the person who requested the statement." NRS § 107.300's explicit language does not appear to provide for attorneys' fees. Moreover, BANA has not cited to any cases in which attorneys' fees were awarded as actual damages pursuant to NRS § 107.300. (*See generally* BANA's Reply). As stated, future attorneys' fees are only included in the amount in controversy requirement if the underlying statute authorizes such an award. *See Fristch v. Swift Transportation Company of Arizona*, LLC., 899 F.3d 785, 788 (9th Cir. 2018) ("[I]f a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy requirement."). Here, the express language of NRS § 107.300 does not authorize or entitle a plaintiff to an award of attorneys' fees. Accordingly, the Court declines to assess SFR's potential future attorneys' fees in assessing whether the amount in controversy requirement is met.

      In the absence of attorney's fees, BANA's estimation of SFR's actual damages only amounts to approximately $72,000. (BANA's Reply 7:5–12). Therefore, BANA has not met its burden of showing, by a preponderance of the evidence, that more than $75,000 is at stake in this Court. Accordingly, the Court cannot exercise diversity jurisdiction over this matter.

///

**C. SFR's Request for Fees and Costs**

SFR additionally requests the Court impose costs and actual expenses, including attorney's fees, for drafting the instant Motion to Remand. (SFR's Resp. to Mot. Expunge Lis Pendens 6:9–7:2); (Mot. Remand 6:9–7:2). Costs and attorney's fees may be awarded against defendants if its decision to remove was objectively unreasonable. "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, BANA's argument was unpersuasive, but not objectively unreasonable as to warrant attorney's fees and costs. *See Lussier*, 518 F.3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"); *see also Morales v. Gruma Corp.*, No. 13-7341, 2013 WL 6018040, *6 (C.D. Cal. Nov. 12, 2013) (declining to award attorneys' fees). The Court accordingly denies SFR's request for attorney's fees and costs.

///
///
///
///
///
///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that SFR's Motion to Remand, (ECF No. 9), is **GRANTED**.  **IT IS FURTHER ORDERED** that the case be remanded to the Eighth Judicial District Court.  The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that BANA's Emergency Motion to Expunge Lis Pendens (ECF No. 5), and SFR's Motion for Preliminary Injunction, (ECF No. 10), are **DENIED as moot**.

**DATED** this __14__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court